**Joyce SPECK, Appellant,**

v.

**Henry Arthur SPECK, Appellee.**

**No. A2120.**

Court of Civil Appeals of Texas,
Houston (14th Dist.)
Fourteenth Supreme Judicial District.

Oct. 10, 1979.

J. Leonard Gotsdiner, Houston, for appellant.

E. H. Suhr, Helen G. Elliott, L. L. Elliott, Elliott & Elliott, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from the admission of the will of Inez Elizabeth Speck to probate.

The decedent died on May 14, 1978, and was survived by her husband, Henry Arthur Speck (appellee), a daughter, Joyce Speck (appellant), and a son, Edgar Sherman

Speck. Appellee filed an application to have the will of the decedent admitted to probate. The will, witnessed by Helen Elliott and her husband L. L. Elliott, directed the payment of her debts and funeral expenses, and left the "rest, residue and remainder" to her husband; but in the event he did not survive her, to her son, Edgar Sherman Speck. Appellant timely filed a contest of the will which was heard December 4, 1978.

During the hearing, appellee called Helen Elliott as a witness to prove facts necessary for the admission of the will to probate under Tex.Prob.Code Ann. § 88 (Vernon 1955). During Mrs. Elliott's testimony, counsel for appellee asked the question, "At the time she signed this instrument was she or was she not rational?" Counsel for appellant objected on the grounds that the question "calls for a conclusion on the part of the witness, and there is not sufficient predicate laid to determine the qualifications of the witness." The objection was overruled on the basis that the witness could "give an opinion on whether or not the testator knew what she was doing." Mrs. Elliott then answered, "Yes, sir. To the best of my knowledge she was rational . . . . . ."

■ Appellant alleges, as her sole point of error, that "the court erred in overruling the objection to the proponent's witness [Mrs. Elliott] concerning the alleged testamentary capacity of the testatrix." Appellant correctly points out in her brief that the established rule is, "No witness can give his opinion that testator had capacity to make a will." *Brown v. Mitchell*, 88 Tex. 350, 31 S.W. 621 (1895). However, the appellant's characterization of the testimony is improper. The cited wording of the question asked by appellee's attorney did not call for a conclusion as to testamentary capacity. Neither did the witness reach such a conclusion. Rather, the question, as defined by the Court, concerned the condition of the decedent's mind on the day the will was executed, and the answer to the question contained no more than the information sought. As stated by the Supreme Court of Texas, "The proper inquiry in a will contest on the ground of testamentary incapacity is the condition of the testator's mind on the day the will was executed." *Lee v. Lee*, 424 S.W.2d 609, 611 (Tex.1968). Even in *Brown v. Mitchell, supra,* the Court emphasized the importance of maintaining ". . . the distinction between opinions of witnesses upon a mental condition, as sanity and insanity and the like, which are allowed by nearly all authorities, and such opinions when directed to the question of the legal capacity to perform the act in question." We hold that the testimony of Mrs. Elliott did not give an opinion as to the testamentary capacity of the decedent, but merely as to the condition of the decedent's mind at the time of execution of the will.

■ During oral submission of the case, appellee made the contention that there was insufficient evidence to support a finding that decedent was of sound mind at the time the will was executed. This contention was not raised as a point of error in appellant's brief and, therefore, cannot be considered in this appeal.

The decision of the probate court is affirmed.